IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRY SCOTT                                                                         PLAINTIFF

       v.                             Civil No. 4:10-cv-04153

SHERIFF RON STOVALL
CAPTAIN HARTLINE; CAPTAIN
HEINTZLEMAN; SGT. BALISS;
SGT. LAFAYETTE; SGT. JILES;
SGT. RAGS; SGT. WELCH; SGT.
MILLER; MS. BOBBY, Aramark;
and T. GREEN, Aramark                                                            DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Terry Scott, filed this civil rights action pursuant to the terms of 42 U.S.C. § 1983.

He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Paul K.

Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of

making a report and recommendation.  Currently pending is a motion to dismiss filed by ARAMARK

Correctional Services, LLC, Ms. Bobby, and T. Green (ECF No. 9)(collectively the ARAMARK

Defendants).   A motion to dismiss (Doc. 25) has also been filed on behalf of Sgt. Woody Giles, Sgt.

Victor Raggs, Sheriff Ron Stovall, Captain Hartline, Sgt. Guy Bayless, Sgt. Lafayette, Sgt. Welch, and

Sgt. Miller (collectively the Miller County Correctional Facility (MCCF) Defendants).  Plaintiff has

not responded to either motion to dismiss.

**1.  Background**

Plaintiff alleges there are problems with the way mail is handled at the MCCF.  Specifically,

he states there is no box to place outgoing mail in.  Instead, he indicates inmates have to wait until an

officer comes around to collect the mail.  He complains that this system is inadequate and often results

-1-

in delay in the mail going out.

Plaintiff also objects to the fact that inmates are not allowed to seal the envelopes containing personal mail.  Because the officers do not seal the mail when it is collected, Plaintiff maintains by the time it is actually mailed, three or four days later, the letter may have slipped out leaving only the envelope.  He also states that incoming mail is not distributed on Saturdays.

Plaintiff indicates the inmates have asked for a grievance box and a mail box but received no response to their requests.  He also indicates they are required to purchase their stamps through ARAMARK and are charged 48 cents per stamp.  If ARAMARK is out of stamps, Plaintiff indicates he has to wait until ARAMARK restocks because inmates are prohibited from receiving stamps from outside the facility.

Plaintiff alleges he has attempted to get the names of the individuals in charge of mail and who is responsible for responding to grievances.  He indicates he was always told to talk to the sergeant. Because of this, he has listed as Defendants all sergeants from all three shifts.

Because the complaint, failed to indicate how Plaintiff believed each of the named Defendants violated his federal constitutional rights, an order was entered on November 9, 2010 (ECF No. 3) directing Plaintiff to file an amended complaint.   In the amended complaint, Plaintiff is directed to set forth his specific factual allegations against each individual and how the acts or omissions deprived Plaintiff of his federal constitutional rights.

Plaintiff filed the amended complaint (ECF No. 5).  However, it appears identical to the initial complaint and contains no specific allegations regarding the conduct of the named Defendants.

**2.  Applicable Standard**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must

contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. *See Twombly*, 127 S. Ct. at 1965 ("And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.")(quotation marks and citation omitted). *See also Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

"Several principles guide us in determining whether a complaint meets [the plausibility] standard.  First, the court must take the plaintiff's factual allegations as true.  This tenet does not apply, however, to legal conclusions or formulaic recitation of the elements of a cause of action; such allegations may property be set aside." *Braden*, 588 F.3d at 594 (citation omitted).  Additionally, "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim." *Braden*, 588 F.3d at 594 (quotation marks and citation omitted).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.

"Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).  In determining whether the well-pleaded, non-conclusory, factual allegations would give rise to a plausible claim, the "complaint should be read as a whole, not

-3-

parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594. The "evaluation of a complaint upon a motion to dismiss is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (*quoting Iqbal*, 129 S. Ct. at 1950).

### 3. The ARAMARK Motion (ECF No. 9)

The ARAMARK Defendants maintain they are entitled to judgment in their favor because the sole allegation against them is that they sell stamps for forty-eight cents. They claim no complaint of constitutional dimension is stated against them.

I agree. A prisoner has "no constitutional right to purchase stamps as cheaply as possible." *Hardin v. Johnson*, 2008 WL 906489, *4 (N.D. Miss. Apr. 1, 2008). "[T]here is simply no legal basis for a demand that inmates be offered items for purchase at or near cost." *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980).

### 4. The MCCF'S Defendants' Motion (Doc. 25)

The MCCF Defendants maintain the amended complaint fails to state a claim against them. They note that the complaint mentions none of the Defendants by name. Additionally, they contend the claims asserted do not rise to the level of a constitutional violation.

I agree. First, complaints that an available grievance procedure is inadequate because no responses are made, does not state a claim of constitutional dimension. There is no constitutional right to a grievance procedure. *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

Second, neither short delays in outgoing mail due to screening procedures nor the fact that inmates cannot seal outgoing non-privileged mail violates the First Amendment. *Thornburgh v. Abbott*, 490 U.S. 401, 415-19 (1989)(holding a policy which allows prison officials to reject incoming mail as detrimental to security does not violate the First Amendment); *Smith v. Delo*, 995 F.2d 827,

830-31 (8th Cir. 1993)(policy requiring non-privileged mail to be unsealed so that it could be inspected for contraband and proper addressing not violative of the constitution); *Harris v. Bolin*, 950 F.2d 547, 550 (8th Cir. 1991)(policy of screening mail not violative of the First Amendment rights of prisoners); *United States v. Baumgarten*, 517 F.2d 1020, 1028 (8th Cir. 1975)(screening procedure that called for jailor to read letters was permissible if done pursuant to a custom, practice, or regulation that was reasonably related to the maintenance of jail security).

Finally, no constitutional right requires detention center officials to provide boxes for prisoners to place their outgoing mail, grievances, or sick calls slips in.  As long as prisoners have a means of sending the mail and submitting grievances or sick call slips, no constitutional right is implicated.

**5.  Conclusion**

For the reasons stated, I recommend that the motions to dismiss (Doc. 9 & Doc. 25) be granted and this case dismissed.

**The parties have fourteen (14)  days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 25th day of April 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE